IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MYRON ELDER BUTLER, TDCJ #1147687, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0519 |
| | § | |
| UTMB, ET AL., | § | |
| | § | |
| *Defendants.* | § | |

### ORDER OF DISMISSAL

State inmate Myron Eldon Butler, proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit complaining that prison officials at the Luther Unit were deliberately indifferent to his serious medical needs.

The threshold question is whether plaintiff's claims should be allowed to proceed under 28 U.S.C. § 1915A. Finding that no federal rights have been implicated, the Court DISMISSES this lawsuit for failure to state a claim, as follows.

### *Background and Claims*

Plaintiff claims that, on October 20, 2008, prison officials neglected to provide him one dose of his Nortriptyline medication, which he takes for depression and chronic neurological pain. Plaintiff has attached to his complaint a copy of correspondence he received from prison officials, which states, in relevant part, as follows:

> A system-wide lockdown was initiated on October 20, 2008, and all offenders were ordered to their assigned cell. Security staff notified the medical department that some offenders had not received their medications. A miscommunication between security and medical staff resulted in some offenders not receiving their prescribed medication. Records indicate that you did not receive your prescribed [non-keep on person] medication on October 20, 2008; however, there was no intent to cause harm. Corrective action has been taken to ensure that all offenders receive their prescribed medications.

(Docket Entry No. 1, p. 8.) Plaintiff reports no other deficiencies, and requests unspecified monetary compensation for this one-time incident.

## *Analysis*

Under 28 U.S.C. § 1915(e), the Court may scrutinize the basis of the complaint and, if appropriate, dismiss the case if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Plaintiff's factual allegations raise an episodic claim for denial of medical care under the Eighth Amendment. In order to establish such constitutional violation, plaintiff must show that the defendants acted with deliberate indifference to his serious medical needs, meaning that the defendants were subjectively aware of a substantial risk of serious harm and

failed to take reasonable measures to abate that risk. *See Farmer v. Brennan*, 511 U.S. 825, 835-37 (1994). In other words, plaintiff must show that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). A delay in providing medical care is not a violation of this constitutional right unless it results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Nor does negligent medical care constitute a valid section 1983 claim. *Id.* Plaintiff here does not allege facts showing that any of the defendants had knowledge that he would suffer substantial harm if he missed one dose of his medication and that they, therefore, acted with deliberate indifference. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991). *See also Moreland v. Roscko*, 254 F. App'x 361 (5th Cir. 2007) (dismissing as frivolous an inmate's Eighth Amendment damages claim for denial of one dose of his medication). Plaintiff's own pleadings and exhibits show that his missing one dose of medication was the result of a prison lock-down and miscommunication, and not of any subjective intent to cause him serious harm.

Further, to recover monetary damages for deliberate indifference to his serious medical needs, plaintiff must show that he sustained a physical injury as a result of the constitutional violation. 42 U.S.C. § 1997e(e). In the instant case, plaintiff states that he was prescribed the medication for depression and chronic neurological pain, but does not allege

3

or show that he sustained an independent physical injury as a result of missing one dose of his medication.

Plaintiff failed to make a threshold showing that the defendants were deliberately indifferent to his serious medical needs, or that he sustained serious injury as a result of missing one dose of the medication. Accordingly, this lawsuit must be dismissed as frivolous and for failure to state a claim.

### *Conclusion*

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), this lawsuit is DISMISSED WITH PREJUDICE as frivolous and for failure to state a claim. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this Order to all parties; to the TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Three-Strikes List Manager.

Signed at Houston, Texas, on January 29, 2010.

_____
Gray H. Miller
United States District Judge